UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. MAGGIORE, | ) | CASE NO. 5:10cv2622 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| GLEN BARENSFELD, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is plaintiff's motion to strike defendant's answer and counterclaim. (Doc. No. 4.) Defendant filed a response, including an alternative motion for relief from judgment (Doc. No. 7), plaintiff filed a reply (Doc. No. 10) and, with leave, defendant filed a sur-reply (Doc. No. 12). For the reasons discussed below, the plaintiff's motion (Doc. No. 4) is **GRANTED**, defendant's motion (Doc. No. 7) is **DENIED**, and this case is **REMANDED**.

### I. PROCEDURAL BACKGROUND

On October 13, 2010, plaintiff filed a Complaint on a Note in Stark County Court of Common Pleas. (Doc. No. 1, Ex. A.) He alleged that, on or about April 17, 2002, defendant executed and delivered to plaintiff a cognovit promissory note ("Note") in the amount of $277,219.63 with interest at the rate of 8.5% per annum. A copy of the Note was attached to the Complaint. Plaintiff alleged that, as collateral for the Note, defendant executed and delivered a Mortgage Deed for real property located in Ohio and recorded in Medina County on May 23, 2002. The principal and interest on the Note was payable in full five (5) years from the date of

execution. Plaintiff alleged that more than five (5) years has passed and defendant has failed to make any payment despite demand.

Defendant was served with the summons and complaint on October 18, 2010. (Doc. No. 7 at 3; Doc. No. 4-3.) His answer was due on November 15, 2010;[1] however, no answer or responsive pleading was filed by that date. Therefore, on November 16, 2010, plaintiff moved for a default judgment and supplied the state court with a proposed Judgment Entry.[2] (Doc. Nos. 4, 4-3.) The court entered this default judgment at 2:20 p.m. on November 16, 2010. (*See* Doc. No. 5.) On that very same day, November 16, 2010 at 5:13 p.m., defendant filed a Notice of Removal in this Court. (*See* Receipt for Doc. No. 1.)[3] On November 17, 2010 at 9:06 a.m., he filed a notice in the state court indicating that the case had been removed to federal court, whereupon the state court closed its proceedings. (*See* Doc. No. 5.)

On November 22, 2010, six (6) days after removal, defendant filed an Answer and Counterclaim. (Doc. No. 3.) One week later, on November 29, 2010, plaintiff filed a Notice of

---

[1] Ohio Civ. R. 12(A)(1) provides that the defendant "shall serve his answer within twenty-eight days after service of the summons and complaint upon him[.]" Ohio Civ. R. 6(A) provides, in relevant part: "In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday." Thus, the 28-day period began on October 19, 2010 and ended on November 15, 2010, a Monday that was not a legal holiday.

[2] It is unclear to this Court why plaintiff followed this particular procedure rather than the usual procedure of filing both the Cognovit Complaint and the Cognovit Answer at the same time, with the Cognovit Answer confessing judgment in light of the terms of the Cognovit Note. The court would then issue a Confessed Judgment. Instead, in this case, plaintiff followed the usual route for a lawsuit, as if there were no cognovit note. He filed only the Complaint, which he then served and, when no responsive pleading was filed, he moved for default judgment, which the court granted because the damages were a sum certain.

[3] Removal was on the basis of diversity jurisdiction. 28 U.S.C. § 1332.

Default Judgment coupled with the instant Motion to Strike. (Doc. No. 4.) The motion was fully briefed and is ripe for determination.[4]

## II. DISCUSSION

Plaintiff argues in his motion that the Answer and Counterclaim must be stricken from the record because defendant already had a default judgment against him in state court by the time he filed his notice of removal in both this Court and the state court.

Defendant is of the view that he had thirty (30) days from the date of service (not counting the actual date of service) under 28 U.S.C. § 1446(b) to remove the action and thereafter had seven (7) days under Fed. R. Civ. P. 81(c)(2)(C) to file his answer. He asserts that "state and federal law provide two different times in which Defendant may respond." (Doc. No. 7, at 1.)

Put differently, defendant's view is that he could *either* file an answer in the state court within 28 days of receipt of service (Ohio R. Civ. P. 12(A)(1)) *or* remove the action to federal court within 30 days of receipt of service (28 U.S.C. § 1446(b)). Then, after removal, he would have seven (7) days to file an answer pursuant to Rule 81(c)(2)(C).

Defendant refers to this as a "quirk in the rules" which has been described as a "prickly little technical problem." (Doc. No. 7, at 1, quoting *Burroughs v. Palumbo*, 871 F.Supp. 870 (E.D. Va. 1994).)[5] Defendant argues that, since he removed the action on the 29th day after service and thereafter filed his Answer and Counterclaim within six (6) days, he has followed all the rules and his Answer and Counterclaim should not be stricken.

---

[4] This Court granted counter-defendant Maggiore an extension of time until ten days after the motion to strike is resolved to respond to the counterclaim. (Non-document Order dated 12/13/10.)

[5] Defendant's brief incorrectly cites to volume 891 of the Federal Supplement.

3

Defendant's argument has no merit. First, defendant has improperly relied upon *Burroughs*, which does not support his position. In *Burroughs*, the defendant timely filed a notice of removal when he was already out of time for filing his answer but *before* any default judgment had been entered against him in state court. After removal, but before defendant gave notice of the removal, the state court entered default judgment against him. He asked the federal court to set aside the default judgment on the ground that the state court had lost its jurisdiction to enter judgment once the case was removed, even if it had not yet received the notice of the removal. The "prickly little technical problem" identified by the district court was this: "During the period between the filing of the notice of removal in federal court and the filing in state court, which court had jurisdiction?" *Burroughs*, 871 F.Supp. at 871. The court held that "jurisdiction was concurrent and that this case was properly removed with the default judgment intact." *Id*. The district court then found "sufficient grounds to set aside the default judgment." *Id.* at 872. Defendant had testified that "he was out of town at the time that the Secretary of the Commonwealth mailed the motion for judgment to his Florida address and that he did not return until September 23, 1994." *Id*.

The facts in *Burroughs* are unlike the facts in the instant case, where default judgment had already been entered by the time of *both* the removal and the filing of the notice of removal in state court. However, *Burroughs* does support the plaintiff's assertion that, at the time of removal, the "default judgment [was] intact." *Id*. at 871.

More to the point is *Butner v. Neustadter*, 324 F.2d 783 (9th Cir. 1963), an action on a promissory note, where the defendant timely removed the case to federal court *after* a default judgment had already been entered against him in state court. Two weeks later, within the time permitted for the filing of an answer in a removed action under Fed. R. Civ. P. 81 in its

4

then-current form, he filed a motion to set aside the default judgment which the district court denied. On appeal, the Ninth Circuit, although ultimately concluding that the district court had abused its discretion in refusing to set aside the default judgment entered by the state court,[6] pointed out that the statute and rule setting forth the time periods for removal and then for answering after removal, "obvious[ly] [...] did not contemplate a situation in which the action had proceeded to final judgment before removal." *Butner*, 324 F.2d at 785. It further noted that the federal court "takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court.'" *Id*.; *see also*, *Feller v. National Enquirer*, 555 F.Supp. 1114, 1119 (N.D. Ohio 1982) (quoting *Butner* with approval).

Here, it cannot be disputed that a default judgment was already entered in the state court before the case was removed. Therefore, it was improper for defendant to file an answer and counterclaim, even though it did so within the time that would have been appropriate had there been no judgment entry.

In his response brief, defendant asserts an alternative motion for relief from judgment. He argues that a default judgment entered prior to removal does not defeat removal jurisdiction. This Court does not disagree. However, as support for his assertion that courts addressing the issue have "overwhelmingly held that the proper course of action is to vacate the

---

[6] The court reached this conclusion largely because of the particular facts of the case. The defendant, an Arkansas resident who was temporarily in Los Angeles on business, was personally served with process in Los Angeles in a suit before a California state court. He made contact with his attorney in his Arkansas home town and gave directions for him to arrange for a lawyer from a particular Los Angeles law firm to immediately make an appearance and seek time for him to plead. The Los Angeles attorney tried several times unsuccessfully to reach plaintiff's counsel and left phone messages. Unfortunately, by the time plaintiff's counsel got the messages and returned the calls, he had already caused the default judgment to be entered against the defendant. The Ninth Circuit concluded that it was an abuse of discretion to deny the motion to set aside the default judgment because, although the defendant had tried "to take action on the complaint within the allotted ten days[,] [he] was frustrated by certain events[,]" *Butner*, 324 F.2d at 787, and was "not guilty of inexcusable neglect." *Id*. at 786. Further, defendant claimed to have a meritorious defense, namely, that the promissory note was obtained by means of fraud and that the plaintiff was not a holder in due course.

state court default, so the case may proceed on its merits[,]" (Doc. No. 7 at 2), defendant cites cases that are distinguisable from the instant case.

First, he cites *Butner*, discussed above. However, in *Butner*, the defendant timely removed the case and then filed a motion to vacate the default judgment within the time Rule 81(c)(2) would have permitted for filing an answer. Defendant in the instant case improperly filed an answer instead of any motion.[7] His motion, in fact, was not filed until December 17, 2010, when it was made part of his response to plaintiff's motion to strike. This was close to a month after the motion could have been timely filed under Rule 81. *Butner* does not apply.

Second, defendant cites *Cox v. Sprung's Transport & Movers, Ltd.*, 407 F.Supp.2d 754 (D.S.C. 2006). However, *Cox* involved only an *entry* of default not a default *judgment*. The standards for setting aside an entry of default are considerably more lenient than those for setting aside a default judgment. *Cox* does not apply.

Third, defendant cites *Burroughs*, *supra*, which, as already explained has an entirely different fact pattern and stands for a somewhat different legal principle, i.e., concurrent jurisdiction. *Burroughs* does not apply.

---

[7] Defendant asserts that no separate motion to "lift default" is required. (Doc. No. 7 at 8.) As authority, he cites *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981). That case is completely inapplicable. It involved a case timely removed to federal court. The defendants timely answered and counterclaimed. Nearly a year later, plaintiffs successfully moved to amend the complaint. Defendants were 10 days late filing an answer to the amended complaint and, despite having actually received the answer, plaintiffs moved for default judgment. After a hearing, the district court entered a default judgment for damages and granted 30 days for the defendants to move to set it aside. When they did so under Rule 60(b), the court denied the motion. On appeal, the Second Circuit noted that the Federal Rules of Civil Procedure contemplate a two-step process following a defendant's failure to move or plead. First, default is *entered* by the Clerk upon plaintiff's request. Thereafter, under Rule 55(c), the defendant has an opportunity to have the default set aside. If that motion is not made or is unsuccessful, judgment by default may be entered (after a hearing for damages, if necessary). Then a motion to set aside the judgment can be filed pursuant to Rule 60(b). Because the district court in *Meehan* had omitted the first step of *entering* a default, the Second Circuit concluded that there had been no need to file a motion to lift the default and defendants had proceeded properly by simply opposing the plaintiffs' motion for judgment. It is this conclusion that defendant here relies upon. Unfortunately, there is no two-step process for obtaining a default judgment under the Ohio Rules of Civil Procedure and, in this case, the default judgment was entered by an Ohio court. A proper and timely motion to set it aside had to be filed either in the state court or in the federal court after removal.

Fourth, defendant cites *Wright v. Central States, Southeast and Southwest Areas, Health and Welfare Fund*, 440 F.Supp. 1235 (D.S.C. 1977). However, in that case, removal was accomplished before the plaintiff even moved in the state court for a default judgment. *Wright* does not apply.

Finally, defendant cites *Kizer v. Sherwood*, 311 F.Supp. 809 (M.D. Pa. 1970), a case which is very different on its facts when compared to the instant case. In *Kizer*, plaintiff filed a state court suit against a government employee as a result of an automobile accident which caused property damage. A default judgment was obtained, but, under the Federal Tort Claims Act, a trial on damages could still be held if the defendant requested one by a certain date. Two days before that date, the United States Attorney for the Middle District of Pennsylvania petitioned for removal, certifying that the defendant had been acting within the scope of his employment with the federal government at the time of the accident. Plaintiff filed a motion to remand, arguing that removal had been untimely. The court denied the motion and determined that removal prior to the deadline for requesting a damages hearing was timely. The court also determined that the original state court action had not been properly instituted because it had been filed outside the two-year statute of limitations. For that reason, the court indicated that it would entertain a motion by the government to set aside the default judgment under Rule 60(b). Clearly, *Kizer* does not apply.

Defendant also argues that Fed. R. Civ. P. 55(c) permits a district court to set aside default upon a showing of "good cause." That is true; however, it applies only in a situation where default has been entered, or noted, by the Clerk. It does not apply where, as here, a default judgment has already been entered.

7

In the latter situation, Fed. R. Civ. P. 60(b) applies. As explained in *Waifersong Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290 (6th Cir. 1992):

> Under the rule, a stricter standard applies for setting aside a default once it has ripened into a judgment. When a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district court enjoys considerable latitude under the "good cause shown" standard. But once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation. Rule 60(b) reflects this public policy by requiring greater specificity from a moving party before a court will set aside a default judgment. While the standards for granting relief differ, the factors to be considered by the court are said to be similar and to include:
>
> > (1) Whether culpable conduct of the defendant led to the default,
> > (2) Whether the defendant has a meritorious defense, and
> > (3) Whether the plaintiff will be prejudiced.
>
> *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983); 10 Charles A. Wright et al., *Federal Practice and Procedure* § 2692, 2694 (1983).
>
> In practice, however, the methodology for considering these factors and the weight to be accorded them depends on whether the court is confronted by an entry of default or a default judgment. When asked to set aside an entry of default, a court considers the first factor, defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief. But when it is a judgment the defendant is seeking to avoid, the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry. When relief is sought under Rule 60(b)(1), [footnote omitted] the culpability factor is framed in terms of "mistake, inadvertence, surprise, or excusable neglect." Furthermore, while it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1). That is because **the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.**

*Id*. at 292 (bolding added).

Defendant has made no attempt to convince this Court that he failed to timely file his answer in state court due to "mistake, inadvertence, surprise, or excusable neglect." Instead he argues in his response brief only that he has a meritorious defense and that plaintiff will not suffer prejudice, the two factors that are not even reached until Rule 60(b)(1) is satisfied.

Further, in his sur-reply defendant relies on the catch-all ground in Rule 60(b)(6) (i.e., "any other reason that justifies relief") and asserts that the "other reason" for setting aside the default judgment is his "correct interpretation of the rules." (Doc. No. 12 at 1.) Unfortunately, defendant did not apply a correct interpretation of the rules governing the interplay between state and federal courts with concurrent jurisdiction in cases of removal. Furthermore, Rule 60(b)(6) provides relief "only in exceptional and extraordinary circumstances," which are defined as those "unusual and extreme situations where principles of equity mandate relief." *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 387 (6th Cir.2001) (citations and emphases omitted). In addition to the requirement of exceptional circumstances, a Rule 60(b)(6) movant must also satisfy the three equitable factors required for Rule 55 relief: (1) lack of prejudice to the plaintiff; (2) a meritorious defense; and (3) whether the defendant's culpable conduct led to the judgment. *Thompson v. Am. Home Assur. Co.,* 95 F.3d 429, 433 (6th Cir.1996). The Court does not find the current situation to constitute "exceptional and extraordinary circumstances."

Finally, almost as an afterthought, in a single paragraph without any citation to case law and without any evidentiary support, defendant asserts that the default should be set aside under Rule 60(b)(4) or (5).

Rule 60(b)(4) allows for setting aside a judgment if it is void. Defendant makes no attempt to explain why the default judgment would be void. Therefore, the Court rejects this argument.

Rule 60(b)(5) permits setting aside a final judgment if it "has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" Although he makes no argument specific to this Rule, presumably he is attempting to rely on his assertion that the debt has already been paid by him to the person to whom plaintiff assigned the loan. Although this might have been the best avenue for relief, it is no longer available because of defendant's utter failure to abide by the rules of procedure in both the state and federal courts. In any event, this Court will not set aside a default judgment properly entered in state court on the basis of a one-paragraph argument not even made in a proper motion to set aside the default judgment and not supported by any law or record evidence.

### III.  CONCLUSION

For the reasons set forth above, plaintiff's motion to strike the answer and counterclaim (Doc. No. 4) is **GRANTED**. Defendant's alternative motion for relief from judgment (Doc. No. 7) is **DENIED**. This case is **REMANDED.**

**IT IS SO ORDERED**.

Dated: May 12, 2011

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**